IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00167-01-CR-W-NKL |
| ALBERT VINCENT PERKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On November 19, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

## *I. BACKGROUND*

On June 23, 2009, a superseding indictment was returned, charging Defendant with one count of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. A change-of-plea hearing was held on November 19, 2009. Defendant was present, represented by appointed counsel Bill Raymond. The government was represented by Assistant United States Attorney David Barnes. The proceedings were recorded and a transcript of the hearing was filed on November 20, 2009.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

2

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On June 23, 2009, a superseding indictment was returned charging Defendant with one count of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. The court read the charge against Defendant and Defendant indicated he understood the nature of the charge (Tr. at 3-4).

3. The statutory penalty is not more than ten years imprisonment, a fine of not more than $250,000, a supervised release term of not more than five years, and a $100 mandatory special assessment fee (Tr. at 4). Defendant was informed of the penalty ranges and indicated that he understood (Tr. at 4).

4. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4-5);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 5);

  c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6);

  d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 5-6);

  e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6-7);

  f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

  g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7-8).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 8).

6. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 8). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 8). Defendant stated that he understood (Tr. at 8).

7. There has been open file discovery in this case (Tr. at 8).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 11).

9. If this case were to go to trial the government's evidence against Defendant would

4

be that on May 7, 2009, the First Federal Bank located at 4227 Blue Ridge Boulevard, Kansas City, Missouri was robbed (Tr. at 9). The First Federal Bank is insured by the FDIC (Tr. at 10). A victim teller, Ashley Blair, told the FBI and the Kansas City, Missouri Police Department that approximately $3,100 was taken from her teller station by a gentleman (Tr. at 9). The man entered the bank, handed her a plastic bag and demanded money (Tr. at 9). Ms. Blair stated she was quite scared and fearful, so complied with his demand (Tr. at 9). Ms. Blair noted the man was very agitated and nervous and appeared to want to get in and out quickly (Tr. at 9). The man had a wallet in his hand, which Ms. Blair interpreted to mean that he was trying to create the appearance he was doing a transaction (Tr. at 9). In his haste to leave the bank, the man left the wallet on the counter (Tr. at 9). The wallet contained identification belonging to Defendant (Tr. at 9). Defendant was ultimately arrested in the District of Kansas (Tr. at 9). Ms. Blair and at least one other bank employee were shown photographs and made identifications of Defendant (Tr. at 9).

10. Defendant was placed under oath (Tr. at 11). Defendant admitted that on May 7, 2009, he was in the vicinity of the First Federal Bank located on Blue Ridge Boulevard in Kansas City, Missouri (Tr. at 11). At that time, the bank was insured by the Federal Deposit Insurance Corporation (Tr. at 12). Defendant entered the bank and took by either force, violence or intimidation, approximately $3,100 from a bank employee (Tr. at 12).

In his own words, Defendant stated he was under the influence of drugs and alcohol on May 7, 2009, when he robbed the bank (Tr. at 13-14). Even though Defendant was under the influence, he knew what he was doing was wrong (Tr. at 13-14). Defendant's decision to rob the bank was willful and voluntary (Tr. at 15).

11. Defendant indicated that he understood there was no plea agreement with the

5

government (Tr. at 15, 18-21).

12.     No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 15-16).

13.     Defendant is satisfied with the representation he has received from his attorney (Tr. at 16). There is nothing he has done that Defendant did not want him to do, and there is nothing Defendant wanted him to do that he has not done (Tr. at 16).

14.     Defendant is forty years old and has a GED (Tr. at 16-17). Defendant did not have any physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 17). He was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 17).

15.     Defendant tendered a plea of guilty to Count I of the Superseding Indictment (Tr. at 22).

## V.  ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for bank robbery include: (1) the defendant took by force and violence, or by intimidation, any money or property; (2) such money or property was in the custody of a bank or other financial institution; and (2) the bank or financial institution was insured by the FDIC. United States v. Gipson, 383 F.3d 689, 699 (8th Cir. 2004); United States v. Carlisle, 118 F.3d 1271, 1274 (8th Cir. 1997); Harris v. United States, 938 F.2d 882, 883 n.2 (8th Cir. 1991).

## V.  CONCLUSION

Based on the above, I make the following conclusions:

1.      The district court may lawfully refer this case to a magistrate judge for issuance of

a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of Count I of the Superseding Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of Count I of the Superseding Indictment.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
November 25, 2009